IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03174-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

MARCELLO G. ROJAS,
TH MSR HOLDINGS LLC,
CHUCK BROERMAN, El Paso County Trustee in his official capacity, and
STEVEN SCHLEIKER, El Paso County Clerk and Recorder in his official capacity,

    Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter comes before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 46]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs Keri L. Viegas and James Viegas, Docket No. 47, and defendant TH MSR Holdings LLC ("MSR Holdings"), Docket No. 48, filed timely objections. Defendants Chuck Broerman and Steven Schleiker filed a response to plaintiffs' objection. Docket No. 49. Plaintiffs filed a response to MSR Holdings's objection. Docket No. 50.

**I.  BACKGROUND**

The facts are set forth in the magistrate judge's recommendation, Docket No. 46 at 2-5, and the Court adopts them for purposes of ruling on the objections. To the

extent that plaintiffs Keri L. Viegas and James Viegas dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On November 15, 2024, plaintiffs filed the instant case against defendants Marcello G. Rojas, MSR Holdings, Mr. Broerman, and Mr. Schleiker. Docket No. 1. Plaintiffs allege that Mr. Rojas is "an attorney acting as a debt collector for Roundpoint Mortgage Servicing LLC," MSR Holdings is a "corporation who 'collects' debt without consideration," Mr. Broerman is "acting as El Paso County Public Trustee," and Mr. Schleiker is "acting as a El Paso County Clerk and Recorder." *Id.* at 2-3. The complaint asserts claims under the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution pursuant to 28 U.S.C. § 1983 and 42 U.S.C. §§ 1985, 1988. *Id.* at 1-2. Plaintiffs claim that defendants "unlawfully record[ed] documents on a land patented property in a private trust without consent." *Id.* Plaintiffs' claims arise out of foreclosure proceeding on their property. *Id.* at 3-4. Plaintiffs allege that defendants have caused plaintiffs to suffer "harassment and harm" through the foreclosure proceedings. *Id.* at 5. Specifically, plaintiffs allege that defendants "fil[ed] unenforceable documents and post[ed] Plaintiffs private information" and did so without "due process of law" in violation of the Fourth and Fifth Amendments. *Id.* at 1. Plaintiffs claim that "no trial by jury is provided by the Defendants" during foreclosure proceedings in violation of the Seventh Amendment. *Id.* at 2.

On December 12, 2024, MSR Holdings filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that plaintiffs' complaint does not comply with Fed. R. Civ. P. 8, fails to state a valid claim, and is barred by res judicata. Docket No. 14. On December 19, 2024, Mr. Broerman and Mr. Schleiker (the "El Paso County

2

Defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting plaintiffs' complaint does not comply with Rule 8 and that they are entitled to qualified immunity.  Docket No. 16.  On February 4, 2025, Mr. Rojas filed a motion to dismiss pursuant to Rule 12(b)(6), asserting that plaintiffs' complaint does not comply with Rule 8.  Docket No. 36.  Plaintiffs filed responses to the motions to dismiss.  Docket Nos. 18, 19, 44.  MSR Holdings and the El Paso County Defendants filed replies in support of their motions to dismiss.  Docket Nos. 20, 22.  On January 24, 2025, MSR Holdings filed a motion to enjoin "further vexatious and unsupported filings" by plaintiffs.  Docket No. 29.  Plaintiffs filed a response, Docket No. 40, and MSR Holdings filed a reply.  Docket No. 43.

On April 22, 2025, Chief Magistrate Judge Scott T. Varholak issued a recommendation that defendants' motions to dismiss be granted and that all of plaintiffs' claims be dismissed with prejudice.  Docket No. 46 at 24.  The magistrate judge recommends that MSR Holdings's request for attorney's fees be denied without prejudice.  *Id.*  He recommends that MSR Holdings's motion for sanctions be granted in part.  *Id*.

II. **LEGAL STANDARD**

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific*.  United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

3

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiffs are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III. ANALYSIS

The Court interprets plaintiffs' filing as raising five objections. *See* Docket No. 47.

A. **Plaintiffs' First Objection**

Plaintiffs appear to object to the magistrate judge's alleged finding that res judicata bars plaintiffs from bringing their claims based on *Viegas v. Kane,* No. 23-cv-03291-PAB-MDB (D. Colo. 2023) ("*Viegas I*"), and *Viegas et al. v. LoanDepot Inc. et al.*, No. 24-cv-02822-PAB-STV (D. Colo. 2024) ("*Viegas II*"), which are other cases filed by plaintiffs. *See* Docket No. 47 at 4-5, 7, 9-10. Specifically, they argue that this "cause of action is not based on any other cases or causes of action," but are rather "NEW and

4

DIFFERENT actions by the Defendants [that] occurred in November 11, 2024 and having nothing to do with a 2023 case." *Id.* at 4.  However, the magistrate judge recommends denying defendants' motion to dismiss "to the extent that they rely upon claim preclusion."  Docket No. 46 at 10.  Based on the "scant allegations" in the complaint, the magistrate judge finds that "it is entirely unclear what transpired between Plaintiffs and Defendants MSR Holdings in this case and whether Plaintiffs could have raised these claims in *Viegas I*."  *Id.*  To the extent that plaintiffs object to the magistrate judge's reference to *Viegas I, Viegas II,* or other prior cases in the background section of the recommendation, the Court overrules that objection.  Plaintiffs do not identify how this portion of the recommendation affected the magistrate judge's analysis.

Accordingly, the Court will overrule plaintiffs' first objection.

### B. Plaintiffs' Second Objection

Plaintiffs appear to object to the magistrate judge's recommendation that plaintiffs' claim pursuant to 42 U.S.C. § 1985(3) be dismissed.  *See* Docket No. 47 at 8-9.

The magistrate judge finds that plaintiffs "do not allege facts with sufficient particularity to support the elements of a Section 1985(3) claim."  Docket No. 46 at 11.  For instance, the magistrate judge notes plaintiffs' failure to identify a "privilege or immunity Defendants allegedly sought to infringe."  *Id.*  Instead of pointing to allegations in the complaint that identify such a "privilege or immunity," plaintiffs contend that the "details are to be provided in discovery and when evidence is presented."  Docket No. 47 at 9.  However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S 662, 678-79

5

(2009); *see also McGee v. Hayes,* 43 F. App'x 214, 217 (10th Cir. 2002) (unpublished) ("The district court was not required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim."); *Francis v. Maryland*, 2024 WL 1156407, at *24 (D. Md. Mar. 18, 2024) ("It is well settled that a lawsuit is not a fishing expedition, and sufficient allegations are required to enable a party to conduct discovery."); *Sovereign Bonds Exch. LLC v. Fed. Republic of Germany*, 2011 WL 13100214, at *2 (S.D. Fla. Aug. 9, 2011) ("Parties may not file insufficient complaints with the hope of receiving discovery to make them sufficient.").

The magistrate judge finds that plaintiffs "do not make any allegation that any Defendants had any 'meeting of the minds' or agreement to conspire amongst each other." Docket No. 46 at 12. Again, plaintiffs do not identify allegations that assert defendants had a "meeting of the minds," and instead argue that the "entire process by which the Defendants follow is considered colluding as they violated the 4th and 5th Amendments." Docket No. 47 at 9. Plaintiffs do not explain how alleged violations of the Fourth and Fifth Amendment constitute a "meeting of the minds." Even if plaintiffs did plausibly claim that defendants violated the Fourth and Fifth Amendments by "allowing harm . . . with falsified filings/recordings," *see id.*, as the magistrate judge notes, "[p]arallel action . . . or inaction . . . does not necessarily indicate an agreement to act in concert." Docket No. 46 at 11 (quoting *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004)).

Accordingly, the Court agrees with the magistrate judge's analysis and will overrule plaintiffs' second objection.[1]

### C. **Plaintiffs' Third Objection**

Plaintiffs appear to object to the magistrate judge's recommendation that their claims for violation of the Fourth, Fifth, and Seventh Amendments pursuant to § 1983 be dismissed for failure to allege a plausible cause of action pursuant to Rule 8. *See* Docket No. 47 at 5-8, 9, 10-11. Plaintiffs argue that the magistrate judge's recommendation "uses presumptions from the Defendants' agents while ignoring the words of the living man and woman thus acting in bad faith." *Id.* at 5. Plaintiffs contend that there is "no evidence provided by Chief Magistrate Varholak stating that the Defendants did not harm the Plaintiffs." *Id.* at 10. They argue that there is "no evidence" that "Defendants . . . did not violate the 4th and 5th Amendments of the Constitution," "no evidence that the Defendants' foreign agents did not commit fraud upon the court," "no evidence that the Defendants' foreign agents did not knowingly provide false information to misdirect the court and continue to act with unclean hands," and "no evidence that this court and the Defendants are not trafficking the Plaintiffs using security instruments." *Id*. at 11. Plaintiffs further argue that "[n]o where [sic] are

---

[1] The magistrate judge recommends that all of plaintiffs' claims brought under 42 U.S.C. § 1985 be dismissed with prejudice because "Plaintiffs have caused Defendants and the court significant time and resources on what appear to be entirely meritless claims." Docket No. 46 at 12 (citing *Viegas I*, Docket No. 38 at 16 n.6). Plaintiffs do not object to the magistrate judge's recommendation that their claims under § 1985 be dismissed with prejudice. Finding "no clear error" in the magistrate judge's recommendation, the Court will accept the recommendation that dismissal be with prejudice. See Fed. R. Civ. P. 72(b), Advisory Committee Notes.

7

statements provided from the complaint or the responses validating the recommendations." *Id.*

The recommendation first discusses plaintiffs' constitutional claims against Mr. Rojas and MSR Holdings. It finds that plaintiffs have failed to plead facts that show Mr. Rojas and MSR Holdings were acting under the color of state law as required for a § 1983 claim. Docket No. 46 at 15. The recommendation finds that plaintiffs "fail to offer any supporting allegations or details tending to suggest 'state officials and [Defendants] have acted in concert in effecting a particular deprivation of constitutional rights.'" *Id.* (quoting *Wittner v. Banner Health*, 720 F.3d 770, 777 (10th Cir. 2013)). The recommendation concludes that plaintiffs "offer only conclusory or incomprehensible statements" that do not show Mr. Rojas and MSR Holdings acted in concerted action with the state. *Id.*

Plaintiffs' objection that the magistrate judge used "presumptions" and cited no evidence is not specific because it does not explain why the magistrate judge's legal conclusion is erroneous. *See One Parcel*, 73 F.3d at 1059. Plaintiffs do not explain why the alleged lack of "evidence" rebutting plaintiffs' allegations frees plaintiffs of their obligation to provide a "short and plain statement of the claim" showing that they are "entitled to relief" as required by Rule 8. Fed. R. Civ. P. 8(a)(2). "Rule 8 places the burden squarely upon Plaintiff to succinctly state their claims, and it is neither Defendants' nor the Court's duty to sift through the complaint and guess which factual allegations support which claims." *Washburn v. Kingsborough Cmty. Coll.*, 2022 WL 843733, at *2 (E.D.N.Y. Mar. 22, 2022) (quotations, alternations, and citation omitted). Plaintiffs argue that the magistrate judge failed to provide "statements" from the

8

complaint to "validat[e]" the recommendation. Docket No. 47 at 11. Yet, plaintiffs fail to point to any specific "statements" that the magistrate judge failed to consider that plausibly allege Mr. Rojas and MSR Holdings acted under the color of state law. Instead, plaintiffs assert more instances of Mr. Rojas's and MSR Holdings's alleged misconduct. For instance, plaintiffs argue that "Defendants are in dishonor" thus violating Uniform Commercial Code ("UCC"), have engaged in "due process of law violations" by failing to comply with the UCC, violated 18 U.S.C. §§ 241 and 242, and are using "Plaintiffs as surety for security instruments that are fraudulent." *Id.* at 4, 5-6, 7, 8. Not only do these allegations not appear in the complaint, they do not plausibly plead that Mr. Rojas and MSR Holdings acted under the color of state law, as necessary to bring a § 1983 claim. As the magistrate judge notes, these are "mere conclusory allegations with no supporting factual averments." Docket No. 46 at 15.

The recommendation then makes findings as to sufficiency of plaintiffs' Fourth, Fifth, and Seventh Amendment claims against the El Paso County Defendants pursuant to Rule 8. *See id.* at 16. Although recommendation finds that the El Paso County Defendants were acting under the color of state law, the recommendation finds that the complaint contains "no facts supportive of a constitutional violation" by the El Paso County Defendants. *Id.* Plaintiffs' objections do not specify which of its arguments are directed at the magistrate judge's finding as to the sufficiency of their claims against the El Paso County Defendants, versus those directed at their claims against Mr. Rojas and MSR Holdings. To the extent that plaintiffs rely on the arguments discussed previously in support of their claims against the El Paso County Defendants, the Court rejects those arguments. The Court finds that plaintiffs' objections, as discussed previously, do

9

not identify allegations that plausibly plead that the El Paso County Defendants violated the Fourth, Fifth, and Seventh Amendments.

The recommendation judge finds that, with respect to plaintiffs' Fifth Amendment claim, plaintiffs "have failed to allege facts suggesting that they were deprived of property without fair procedures."  Docket No. 46 at 16.  The recommendation notes that plaintiffs cite Colo. Rev. Stat. § 38-38-102, which describes the procedure by which a party receives notice of a foreclosure action.  *Id*. at 16-17.  The recommendation finds that "Plaintiffs have not alleged a violation of that Section, and instead, specifically state that the notice of election and demand 'appeared on the Foreclosure website and in the El Paso County records.'"  *Id.* at 17 (quoting Docket No. 1 at 5, ¶ 23).  "And beyond these allegations, Plaintiffs have failed to allege what 'procedure' Defendants have failed to follow."  *Id.*

Plaintiffs argue that the magistrate judge's finding as to their Fifth Amendment Claim is erroneous because the "Magistrate incorrectly describes due process of law as a mere procedure rather than a right" and that the "due process clause the Magistrate is referring to is based on procedures created by statutory law and NOT due process of LAW provided by the 5th Amendment of the Constitution."  Docket No. 47 at 8.  Plaintiffs appear to argue that the procedure required by Colo. Rev. Stat. § 38-38-102 does not afford due process pursuant to the Fifth Amendment.  However, as the recommendation notes, "the Tenth Circuit has found Colorado's foreclosure procedures to be constitutional as they provide sufficient process to homeowners."  Docket No. 46

10

at 17, n.7 (citing *Davis v. Deutsche Bank Nat'l Tr. Co.*, 737 F. App'x 379, 385 (10th Cir. 2018) (unpublished)).[2]

The Court agrees with the magistrate judge's analysis and will overrule plaintiffs' third objection.[3]

### D. Plaintiffs' Fourth Objection

Plaintiffs argue that "Chief Magistrate Varholak does not have the authority to oversee the fiduciary duties of this case," "a fiduciary CANNOT delegate his/her duties," and that "Chief Judge Brimmer is the trustee and fiduciary to the Constitution." Docket No. 47 at 5. The Court construes this argument as plaintiffs objecting to the authority of the magistrate judge to issue recommendations in this case.

The Court overrules this objection. The magistrate judge is authorized to hear this matter pursuant to 28 U.S.C. §§ 636(a)-(b), Fed. R. Civ. P. 72(a)-(b), and D.C.COLO.LCivR 72.1. Plaintiffs' consent is not required for the district court to refer dispositive motions to the magistrate judge for a recommendation. See Fed. R. Civ. P.

---

[2] The recommendation finds that the El Paso County Defendants are "entitled to qualified immunity" because plaintiffs "have failed to plead a constitutional violation." Docket No. 46 at 19 n.8. Plaintiffs argue that there is "no evidence that Defendants Broerman and Schleiker have any rights to immunity as they work for a corporation called County of El Paso – D-U-N-S number 076444017." Docket No. 47 at 5. Plaintiffs' argument does not address the magistrate judge's finding that the complaint fails to plead a constitutional violation. For reasons discussed previously, the Court agrees with the magistrate judge that plaintiffs have failed to plead a constitutional claim against the El Paso County Defendants and will overrule this objection.

[3] The magistrate judge recommends that plaintiffs' claims alleging violations of the Fourth, Fifth, and Seventh Amendments be dismissed with prejudice because "Plaintiffs have caused Defendants and the court significant time and resources on what appear to be entirely meritless claims." Docket No. 46 at 15, 19 (citing *Viegas I*, Docket No. 38 at 16 n.6). Plaintiffs do not object to the magistrate judge's recommendation that their claims be dismissed with prejudice. Finding "no clear error" in the magistrate judge's recommendation, the Court will accept the recommendation that dismissal be with prejudice. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

11

72(b); 28 U.S.C. §§ 636(b)(1)(B)-(C); see also *Matios v. City of Loveland*, 2023 WL 4145905, at *3 (10th Cir. June 23, 2023). Plaintiffs may object, and have objected, to adverse rulings or recommendations by the magistrate judge and such objections will be decided by an Article III judge pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).

Accordingly, the Court will overrule plaintiffs' fourth objection.

### E. Plaintiffs' Fifth Objection

Plaintiffs object to the magistrate judge's recommendation that MSR Holdings's motion for sanctions be granted in part and denied in part.[4] They argue that "We the People, the Plaintiffs, the living woman and man ARE NOT legal fictions or legal persons" and "[s]anctions are for corporations and legal persons.". Docket No. 47 at 2. Plaintiffs contend that the "Clerk of Court works for We the People and must file any papers presented to them or they are violating their fiduciary duty to the Constitution." *Id.*

---

[4] When a party objects to an order on a nondispositive matter, a district court must affirm a magistrate judge's decision unless "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Neither party argues that the magistrate judge's order on the motion for sanctions was dispositive, and the Court does not find it to be. Thus, the Court will review the order concerning the motion for sanctions under the clearly erroneous standard.

MSR Holdings does not object to the magistrate judge's recommendation that its motion for sanctions be granted in part, Docket No. 48 at 1, and that "more narrowly tailored restrictions" be imposed. Docket No. 46 at 23 n.10.

The Court rejects plaintiffs' argument that they cannot be subject to filing restrictions. As the magistrate judge notes, "[t]he Tenth Circuit has upheld filing restrictions on litigants when their 'behavior amount[s] to a pattern of malicious, abusive, and frivolous litigation.'" Docket No. 46 at 21 (citing *Demos v. Keating*, 33 F. App'x 918, 920 (10th Cir. 2002) (unpublished)). Plaintiffs' assertion that they are not "legal fictions or legal persons," but rather "the living woman and man" does not prevent the Court from imposing filing restrictions. *See Osorio v. Connecticut*, 2018 WL 1440178, at *5 (D. Conn. Mar. 22, 2018) ("Numerous Circuits have . . . rejected [the] underlying premise that federal courts lack jurisdiction over all 'living men.'").

The magistrate judge details plaintiffs' litigation history, that includes "seven cases that each appear to challenge either a state foreclosure proceeding or a repossession" that are brought against "various lenders, servicers, foreclosure attorneys, and judges." Docket No. 46 at 21-22. He finds that, "although Plaintiffs' filings do not rise to the most extreme end of abuse of the judicial process, this Court has nonetheless expended significant resources addressing the slew of frivolous actions filed by Plaintiff." *Id*. The magistrate judge provided guidelines as to what plaintiffs must do to obtain permission to file a new case:

> 1. If Plaintiffs, proceeding pro se, desire to file a new lawsuit in the District of Colorado, they shall file a petition with the Clerk of Court requesting leave to file a complaint or other pleading that includes:
>
>> A. A copy of the Order adopting this Recommendation, and any subsequent Order;
>>
>> B. A copy of the proposed complaint or pleading;
>>
>> C. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court that involve the same or

13

>    similar claims or parties, including the name, number, and status or
>    disposition of each listed case;
>
>    D. A notarized affidavit certifying that: (1) The claims have not been
>    previously asserted and/or do not involve issues previously litigated and
>    resolved; and (2) The claims are not frivolous, malicious, or made in bad
>    faith.
>
> 2. Plaintiffs shall mail or otherwise deliver their submissions to the Clerk of the
> Court, who shall forward them to a judge of this Court for determination as to
> whether the complaint or pleading is lacking in merit, duplicative, frivolous, or
> malicious.  The Court will either allow the filing or issue an order of denial.
> Failure to follow these procedures will result in the summary rejection of any
> future case Plaintiffs attempt to file in this Court

Docket No. 46 at 23-24.  The magistrate judge notes that the recommendation provides notice to plaintiffs and they had the opportunity to object.  *Id.* at 24.  Plaintiffs do not object to the magistrate judge's analysis as to why filing restriction are appropriate and instead assert that "requiring the living man and woman to ASK permission to file grievances is a violation of inalienable rights."  Docket No. 47 at 2.

"Filing restrictions are appropriate where '(1) the litigant's lengthy and abusive history' is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) 'the litigant receives notice and an opportunity to oppose the court's order before it is instituted.'"  *Lundahl v. Halabi*, 600 F. App'x 596, 609-610 (10th Cir. 2014) (unpublished) (quoting *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010)).  Whether a litigant's conduct is abusive can be shown by a "history of repetitive and meritless claims, or the pursuit of numerous facially inappropriate motions in the present proceeding."  *Id.* at 609 (quoting *Okon v. Comm'r,* 26 F.3d 1025, 1027 (10th Cir. 1994)) (alteration omitted).

Repeated, meritless attempts to challenge foreclosure proceedings can constitute a history of abusive litigation that warrants filing restrictions.  For instance, the

Tenth Circuit found it appropriate to impose filing restrictions on litigants that, over the course of ten years, filed seventeen appeals before the Tenth Circuit that arose from the litigants' "efforts to stop the sale of certain real property and to challenge a stipulated settlement with two of the estate's primary creditors." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). The *Winslow* litigants repeatedly challenged the bankruptcy court's orders that allowed the sale and settlement of the litigants' property. *Id.* They "accused th[e] court, the district court, and the bankruptcy court of victimizing them in pursuit of some larger conspiracy aimed at preventing them from obtaining a fair hearing on their grievances." *Id.*; *see also MacIntyre v. Supreme Ct. of Colorado*, No. 23-cv-01765-CNS-KAS, 2024 WL 4338026, at *9-10 (D. Colo. July 12, 2024), *report and recommendation adopted,* 2024 WL 4333661 (D. Colo. Sept. 27, 2024) (imposing filing restrictions where plaintiff "has litigated the foreclosure, in one forum or another, for *ten years*," "filed at least *14* actions regarding the same Jefferson County foreclosure," and "seems eager to drag these proceedings on interminably, threatening further action if she does not get her way"); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, 2015 WL 1063070, at *10 (N.D. Cal. Mar. 10, 2015) ("The courts are not vehicles for hindering proper foreclosure proceedings that occur due to the plaintiff's default on his mortgage.") (citations and alteration omitted).

Plaintiffs have filed eight cases[5] that challenge foreclosure and repossession proceedings. *See* Docket No. 29 at 8-14. The allegations in all of plaintiffs' cases

---

[5] Plaintiffs' cases include: *Viegas v. Owens*, 23-cv-02939-PAB-MDB (D. Colo. 2023); *Viegas I*; *Viegas II*; *Viegas v. Rojas,* No. 24-cv-03174-PAB-STV (D. Colo. 2024); *Viegas v. Braswell*, 24-cv-02175-PAB-STV (D. Colo. 2024); *Viegas v. Partner Colorado Credit Union*, 24-cv-00415 (D. Colo. 2024); *Viegas v. Toyota Fin. Servs.*, 24-cv-00668-PAB-STV (D. Colo. 2024); *Viegas v. Jones*, 23-cv-10066-JEM (S.D. Fla. 2023).

broadly accuse various lenders, judges, attorneys, and government officials of conspiring to deprive them of their constitutional rights by seizing their private property. *See Winslow*, 17 F.3d at 315. Upon accepting the magistrate judge's recommendation that this case be dismissed, the Court will have dismissed five of plaintiffs' cases at the pleading stage. *See Viegas I*, Docket No. 42; *Viegas II*, Docket No. 44; *Owens,* 23-cv-02939-PAB-MDB, Docket No. 111. Furthermore, plaintiffs have filed four appeals that remain pending before the Tenth Circuit. *See Viegas I*, Docket No. 44; *Viegas II*, Docket Nos. 34, 46; *Owens,* 23-cv-02939-PAB-MDB, Docket No. 113. The Court agrees with the recommendation's finding that plaintiffs have caused the Court to "expend[] significant resources addressing the slew of frivolous actions filed by plaintiff[s]." Docket No. 46 at 22. While plaintiffs' frivolous filings have only spanned approximately two years, compared to the ten years at issue in *Winslow* and *MacIntyre*, plaintiffs have challenged foreclosure and repossession proceedings in at least eleven different actions, which include cases in this District, the Southern District of Florida, and appeals to the Tenth Circuit.

However, the recommendation's finding that plaintiffs' filings "do not rise to the most extreme end of abuse of the judicial process," *id.*, counsel against imposing filing restrictions at this stage, particularly where the Tenth Circuit has yet to rule on the merits of plaintiffs' claims. *See MacIntyre*, 2024 WL 4338026, at *9 (imposing filing restrictions after the Tenth Circuit had issued rulings on three of plaintiff's appeals); *Tso v. Murray*, No. 17-cv-02523-PAB-STV, 2019 WL 4463285, at *3 (D. Colo. Sept. 18, 2019), *aff'd*, 822 F. App'x 697 (10th Cir. 2020) (unpublished) (imposing filing restrictions where "the Tenth Circuit has already held that plaintiff's claims arising out of the Illinois

and Colorado domestic proceedings," as challenged by plaintiff in multiple cases, "were barred by Rooker-Feldman"); *United States v. Coleman*, 707 F. App'x 563, 563 n.1 (10th Cir. 2017) (unpublished) (holding that the district court did not abuse its discretion in imposing filing restrictions where both of plaintiffs' civil rights suits were dismissed and the dismissals were affirmed by the Tenth Circuit). Furthermore, the Court finds that plaintiffs' conduct does not yet rise to the level of abuse as that in *Winslow*. While plaintiffs largely "turn to the same allegations of fraud, criminal conduct, and conspiracy" in their filings, the Court cannot say that they completely fail to "advance[] any substantive argument." *Winslow,* 17 F.3d at 315. Furthermore, the Court does not find that plaintiffs "consistently commit wholesale violations of this court's local rules." *Id.*

Nevertheless, the Court warns plaintiffs that continuing to file frivolous actions can result in the imposition of filing restrictions. Specifically, filing restrictions may be appropriate if plaintiffs continue to bring claims related to foreclosure or repossession actions that have already been dismissed as lacking merit. As discussed previously, both in this case and plaintiffs' other cases, plaintiffs' conduct have expended significant resources. *In re Sindram*, 498 U.S. 177, 179–80 (1991) ("The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests.").

Accordingly, the Court will sustain plaintiffs' fifth objection.

### F. MSR Holdings's Objection

MSR Holdings objects to the magistrate judge's recommendation in part. Docket No. 48. While MSR Holdings agrees that all claims should be dismissed with prejudice, MSR Holdings argues that res judicata also supports dismissal of the claims. *Id.* at 1-2.

17

In the Court's December 17, 2024 order denying plaintiffs' motion for a preliminary injunction in *Viegas II*, the Court found that plaintiffs failed to show a likelihood of success on the merits because they failed to show that res judicata did not apply to their claims based on *Viegas I*. *Viegas II*, Docket No. 26 at 5. MSR Holdings requests that the Court rely on its analysis from the December 17, 2024 *Viegas II* order in reviewing the magistrate judge's recommendation and find that res judicata applies. Docket No. 48 at 7-11.

The magistrate judge recommends that defendants' motion to dismiss be denied "to the extent that they rely upon claim preclusion" given that he "cannot conclude that the causes of action in *Viegas I* and Instant Action are identical" based on the "the scant allegations in the Complaint." Docket No. 46 at 10. MSR Holdings does not explain how the magistrate judge declining to reach the issue of res judicata affects the magistrate judge's recommendation that plaintiffs' claims be dismissed with prejudice. *See Wishnefsky v. Salameh*, 2016 WL 7324080, at *3 (W.D. Pa. Dec. 16, 2016) (the "objection is without merit because it has no effect on the Magistrate Judge's recommendation as to the disposition of his claims"); *Owens v. Real Time Resols., Inc.*, 2018 WL 1895518, at *2 (N.D. Ga. Feb. 2, 2018) ("This issue would have no effect on [plaintiff's] other claims or their disposition in the R&R and, thus, this objection is also without merit."). Accordingly, the Court will overrule MSR Holdings's objection.[6]

---

[6] The magistrate judge recommends that MSR Holdings's request for attorney's fees be denied without prejudice. Docket No. 46 at 124. MSR Holdings "objects and notes that this issue is not yet ripe, as MSR Holdings has not yet filed its motion for award of attorney's fees and costs." Docket No. 48 at 9. Because MSR Holdings indicates that it intends to file a motion for attorney's fees and the magistrate judge recommends denying the request without prejudice, the Court will overrule MSR Holdings's objection.

G. **Non-Objected to Portions of the Recommendation**

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.[7]

IV. **CONCLUSION**

Therefore, it is

**ORDERED** that Plaintiffs Objection to Recommendation of United States Magistrate Judge by Affidavit of Truth and Fact [Docket No. 47] is **OVERRULED in part and SUSTAINED in part**. It is further

**ORDERED** that defendant MCR Holdings LLC's Partial Objection to Magistrate Judge's Recommendation [Docket No. 48] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of the United States Magistrate Judge [Docket No. 46] is **ACCEPTED in part and REJECTED in part**. It is further

**ORDERED** that the TH MSR Holdings LLC's Motion to Dismiss [Docket No. 14] is **GRANTED**. It is further

**ORDERED** that the Chuck Broerman and Steven Schleiker's Motion to Dismiss [Docket No. 16] is **GRANTED**. It is further

---

[7] The magistrate judge recommends that all of plaintiffs' claims brought under 42 U.S.C. § 1988, *see* Docket No. 46 at 13 n.3, and for "land patent infringement," *see id.* at 19 (citing *Viegas I,* Docket No.38 at 16, n.6), be dismissed with prejudice because amendment would be futile. Plaintiffs do not object to the magistrate judge's recommendation that these claims be dismissed with prejudice. Finding "no clear error" in the magistrate judge's recommendation, the Court will accept the recommendation that dismissal be with prejudice. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

**ORDERED** that defendant Marcello G. Rojas's Motion to Dismiss [Docket No. 36] is **GRANTED**. It is further

**ORDERED** that TH MSR Holdings LLC's Motion to Enjoin Vexatious Litigant Filings and Award Sanctions [Docket No. 29] is **DENIED**. It is further

**ORDERED** that plaintiffs' claims against TH MSR Holdings LLC are **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiffs' claims against Chuck Broerman and Steven Schleiker are **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiffs' claims against Marcello G. Rojas are **DISMISSED with prejudice.** It is further

**ORDERED** that this case is closed.

DATED June 3, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge